C. E. DEMING ETC., Plaintiff and Appellee, *v.* MARCIAL SUÁREZ SUÁREZ, Defendant and Appellant.

No. 7326. Argued January 27, 1936.—Decided July 14, 1936.

*C. Coll Cuchí* for appellant. *Besosa & Besosa* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

C. E. Deming, as appears from the complaint, was the assignee of the National Surety Corporation and the National Surety Corporation was the assignee of the National Surety Co., all distinct entities. Marcial Suárez Suárez, according to said complaint, owed the National Surety Co. the sum of $800 for premiums on a bond furnished by it to said Suárez and it is this obligation which was successively transferred and made the object of this suit. The defendant was served with process and did not answer and on request of the plaintiff C. E. Deming, the secretary of the District Court of San Juan rendered judgment by default in the sum of $800, interest, expenses and costs. The date of this judgment was October 9, 1935.

On the 7th of November, 1935, the defendant filed a motion to open the judgment for various reasons therein that need not be considered, and for other reasons by reference to the sworn answer which accompanied the motion. This answer specifically admitted the execution of a bond by the National Surety Company to Suárez, but averred that it was in his character as administrator of the estate of Herminio Suárez. The defendant also admitted that he had not paid the said premiums but denied that he owed anything and more specifically denied "for lack of information" that the National Surety Company had transferred the credit to the National Surety Corporation or that the latter had transferred the same to C. E. Deming.

On the 29th of November, 1935, the District Court of San Juan, "in view of the evidence presented by the plaintiff and the answer of the defendant" overruled the motion as completely frivolous. The defendant presented a motion for

reconsideration which was denied on the 17th of December, 1935. An appeal was taken nominally from both the order of November 29th refusing to open the judgment and from the order of December 17th refusing to reconsider. This is a motion to dismiss the appeal as frivolous.

■ Some things have been suggested by the appellant that we do not think need consideration for on the whole we think it is conceded, or at least it is our opinion, that the secretary of the District Court of San Juan was fully justified in entering the judgment by default and that the face of the proceedings justified such an entry.

Perhaps if we had before us a case of a judgment on the pleadings after the answer filed we might have some doubts. Most of the complaint was admitted and the only serious matter set up in the answer was with regard to the two assignments to which the complaint referred. What the answer said in this respect was "The defendant for lack of information denies the fact set forth in paragraph 8 of the complaint; . . ." We are disposed to hold that this answer was insufficient but we need not base our decision on this ground alone. See *Nelson* v. *Murray*, 23 Cal. 338.

■■■ Given the entry of the judgment by default it was necessary for the defendant to make a satisfactory showing that he had a meritorious defense. The defenses raised by the answer were frivolous as the defendant was responsible personally for the bond furnished to him whatever claim he might have had against the estate of Herminio Suárez. There is nothing in the record beyond the vague statement in the answer to convince us that the obligation to the National Surety Co. was not duly transferred. The words from the answer "the defendant for lack of information, denies the facts set forth in paragraph 8 of the complaint; and very especially denies that the National Surety Co. had sold and transferred to the National Surety Corporation the credit which is claimed, or that it had sold the same to C. E. Deming or to any other person, . . ." did not supply the

affidavit of merits which would cause the court below or ourselves to doubt that C. E. Deming was the actual owner of the obligation.

The appeal should be dismissed as frivolous.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.